## Case No. 1,535.

### BLEECKER v. BOND.

### [4 Wash. C. C. 6.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1820.

EXECUTION — DEATH OF PARTY AFTER FIERI FACIAS—VENDITIONI EXPONAS—SECURITY TO SAVE ISSUE OF—BREACH OF CONDITION — RETURN OF SECURITY.

1. In Pennsylvania, the death of either of the parties after a fieri facias issued, does not prevent the venditioni exponas from issuing immediately upon the return of the fieri facias, levied on land, and the same condemned. A scire facias is not necessary.

[See Taylor v. Miller, 13 How. (54 U. S.) 287; Wilson v. Hurst, Case No. 17,808.]

2. The agreement of the plaintiff to receive certain securities for the debt, and to give time on their being certified in a particular way, being conditional, and the condition not being performed, the plaintiff might proceed with his execution, though he had not returned the securities.

At law. Rule to show cause why the venditioni exponas issued in this case should not be set aside. [Rule discharged.]

Joseph R. Ingersoll, in support of rule.
Mr. Ewing, contra.

WASHINGTON, Circuit Justice. The material facts in this case are the following.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

At the sessions of this court in October, 1819, the plaintiff obtained a judgment against the defendant for about $3898. Some time in March of the present year, a parol agreement was made between the attorney of the plaintiff and the defendant, by which the sum for which the judgment was rendered, was reduced to $3100, to be paid in four, nine, twelve, eighteen and twenty-four months; the payments to be satisfactorily secured, and the arrangement to be finally completed before the 11th of April following, unless the plaintiff's attorney should choose to grant a longer indulgence. It appears from the evidence, that Bond was frequently, after the 11th of April, pressed by the plaintiff's counsel to complete the agreement, when, at length, he delivered to him a bond and mortgage for $1450, given by a Mr. Van Metre, the latter being upon a tract of land in the state of New Jersey; which the attorney, with the approbation of his client, consented to take in part payment of the $3100, upon this condition however, that the certificate of the clerk of the court where the land lay should be obtained, that no incumbrance on the land appeared, from the records of his office, prior to the recording of this deed; for the balance of the debt, Bond was to furnish the plaintiff with another good mortgage on land in New Jersey, for $1000 and to pay the balance of the debt in cash. In consequence of this agreement, Bond took the bond and mortgage, (which had been left with the plaintiff's attorney for the inspection of his client) in order to have an assignment of them drawn and executed, and instead of returning them with the assignments indorsed, and the promised certificate against prior incumbrances, he sent them to the office where they were recorded, five days after a subsequent deed from Van Metre to another person had been recorded. About the latter end of July, the plaintiff's attorney not having received the clerk's certificate, and having failed in every attempt to get Bond to complete the above agreement, gave him notice that he considered the agreement as at an end, and that he should proceed to issue an execution upon the judgment. The fieri facias issued about the —— of August, and was executed upon land which was regularly condemned. On the day of the test of the writ, or the day after, Bond died, and the venditioni exponas issued on the 11th of September. The plaintiff's attorney, soon after Van Metre's bond and mortgage were recorded, received from Bond the clerk's certificate of that fact, accompanied by a promise to furnish him also with a certificate from the same source, that there was no incumbrance on record prior to his. This latter certificate was never furnished, and it was not till some time after Bond's death, that the fact of a prior recorded mortgage on the same land was communicated to the plaintiff's attorney.

Two reasons in support of this rule have been assigned. The first is, that the vendi-

tioni exponas issued after the death of the defendant, without the judgment having been revived by scire facias. 2d. That the mortgage and bond for $1450, having been received by the plaintiff in part payment of the debt, which greatly exceeded all the instalments due when the fieri facias or the venditioni exponas issued, and the same not having been returned by the plaintiff to the administrator of Bond, after he knew of the prior incumbrance, it ought now to be considered as a payment pro tanto.

1. Were I called upon to decide this question upon principle and authority, I could not but feel perplexed, in consequence of the difference in the execution of the writ, between the fieri facias of England and of this state. But I feel myself relieved from all difficulty upon this subject, by the concurrent testimony of gentlemen high in the profession, and well acquainted with the practice of this state; that the death of either of the parties after the fieri facias issued, does not prevent the venditioni exponas from issuing immediately, upon the return of the fieri facias levied on land, and the same condemned; and that a scire facias is not necessary.

2. The pretence that the bond and mortgage for $1450 were received by the plaintiff in part payment of his debt, is entirely without foundation. It is true that the plaintiff agreed to reduce his claims, under the judgment, to $3100, and further to receive the above bond and mortgage in part payment of that sum; but these promises were upon conditions to be first performed by Mr. Bond, and which never were performed. In the first place, the whole debt was to be well secured; and in the next, the bond and mortgage were to be accompanied by a certificate of searches made to the time of its being recorded, and that there were no prior incumbrances. No such certificate was, or could have been procured at the time this mortgage was recorded; and no other security for the $3100 had at any time been offered prior to the death of Mr. Bond. The agreement, therefore, was not in any manner obligatory upon the plaintiff.

As to the objection that the plaintiff did not offer to return the bond and mortgage, as soon as he heard of the prior recorded mortgage; there is nothing in it. His attorney immediately informed the administrator of the circumstance, and stated to him that the security was worthless to the plaintiff. The formal offer to return the papers was, no doubt, prevented by the answer of the administrator; that he would have nothing to do with them, as he considered them as part payment of the debt. In addition to this, the plaintiff has offered upon this motion, to return the papers.

The rule must be discharged.

[For trial and verdict in this case, see Case No. 1,534. For subsequent proceedings after sale on venditioni exponas, see Id. 1,536.]