Doe, on the Demise of Wolf and Others, *v.* Heath and Another.

If a *fieri facias* be levied on real estate, and the defendant die before the completion of the execution, the sheriff may afterwards proceed to advertise and sell the land.

The title of a purchaser of real estate at sheriff's sale, who pays the purchase-money and receives the sheriff's deed, cannot be affected by the circumstance that the return of the execution is imperfect, or that none was made.

The sale of mortgaged land under a decree of foreclosure, &c., must be according to the statute in force when the mortgage was executed.

APPEAL from the *Tippecanoe* Circuit Court.

Sullivan, J.—Ejectment. The declaration contains three counts. The first count is on a demise from the heirs of *Jonathan Wolf*, deceased, and *Simon Whitcomb*; the second is on a demise from the heirs of *Wolf*; and the third is on a demise from *Whitcomb*. Plea, not guilty. The cause, by consent of parties, was tried by the Court. Judgment for the defendants.

The following were the facts of the case: At the *April* term, 1838, of the *Tippecanoe* Circuit Court, four several

judgments were rendered against *Jonathan Wolf*, all amounting to the sum of 827 dollars or thereabouts. On the 12th of *March*, 1839, executions of *fieri facias* were issued on the judgments, which came to the sheriff's hands on the 16th of the same month, and were levied on the land in controversy on the 3d of *April* following. On the 15th of *April*, *Jonathan Wolf* died, and the sheriff, notwithstanding the death of *Wolf*, proceeded to execute the writs, and accordingly advertised and sold the land. The sheriff's return to each of the writs is substantially as follows, viz.: Levied this execution with others on the following property, "the south-west fraction," &c., taken as the property of *Jonathan Wolf*, and money made in full by distress and sale of the above-mentioned property. On the 30th of *April*, a deed was made by the sheriff to *Simon Whitcomb* for the land described in the levy, as the purchaser at the sale. At a subsequent term of the *Tippecanoe* Circuit Court, the same land, by virtue of a decree in favour of *Whitaker* and *Snyder* against *Whitcomb* and wife, was ordered to be sold by the sheriff, which was accordingly done, and at such sale *R. A. Lockwood* became the purchaser, and received a deed for the premises from the sheriff. *Lockwood* and wife afterwards conveyed to the defendants. The judgments against *Wolf*, and the decree in favour of *Whitaker* and *Snyder* for the sale of the land, were admitted. It was also admitted that executions of *fieri facias* were issued on the judgments against *Wolf*, and that by virtue of those executions, the premises mentioned in the declaration were levied upon and sold, and that a deed was made by the sheriff to *Whitcomb* as the purchaser; that on the decree in favour of *Whitaker* and *Snyder*, an order of sale in the nature of an execution was also issued, by virtue of which the lands were sold by the sheriff to *R. A. Lockwood;* that a deed was made by the sheriff to *Lockwood;* and that *Lockwood* conveyed to the defendants.

Objections were made, during the trial, to the introduction of the executions against *Wolf* and the returns indorsed, and of the deed of the sheriff to *Whitcomb*, to the order of sale in the case of *Whitaker* and *Snyder* against *Whitcomb* and the return on it, and to the deed from the sheriff to *Lockwood*, as evidence in the cause, but the objections were overruled

and they were received. The evidence was objected to for the reasons, 1st, that the sale of the land upon the executions against *Wolf* was made after the death of *Wolf;* 2d, that the return of the sheriff to the writs did not show who was the purchaser; and 3d, that the sale to *Lockwood*, under the decree of *Whitaker* and *Snyder* against *Whitcomb*, was void, because it was not upon a credit, &c., as required by the statute in force at the time of the sale.

The first objection is predicated on the supposition that a sale of lands on execution, after the death of the execution defendant, notwithstanding a levy was made in his lifetime, is a void sale and passes no title to the purchaser. By the common law, lands could not be taken in execution upon a writ of *fieri facias*, the goods and chattels alone of the defendant being liable to seizure by virtue of that writ. If the defendant died after execution awarded, the writ might be served upon his goods in the hands of his executor or administrator. By statute, a *fieri facias* in this state reaches the lands, as well as the goods and chattels of the execution defendant. If the goods and chattels of a defendant be seized, and he die before execution is completed, they may, notwithstanding the death, be sold by virtue of the execution. We see nothing in the statute from which we can infer, that a distinction was intended to be made in this respect, between a levy on the lands and a levy on the goods and chattels of the debtor. The mode of proceeding is the same in both cases. A similar construction was given to the statute of *Pennsylvania* by Judge *Washington* in *Bleecker* v. *Bond*, 4 Wash. C. C. Rep. 6.

The second point cannot avail the plaintiff in error. It is true, if *Whitcomb* relied upon the execution and return for proof that he was the purchaser of the land, and that were all the proof in the case to sustain his title, it would be insufficient. The sheriff's return would not be sufficient to satisfy the statute of frauds. But a deed was made by the sheriff to *Whitcomb* as the purchaser of the land, and that is sufficient. A purchaser at sheriff's sale, who pays his money and receives a deed from the sheriff for the land levied on and sold, cannot be prejudiced if the sheriff make an imperfect return, or if he make no return at all.

We are also of opinion that the third objection is not maintainable. It does not appear from the record, that the sale under the decree was not made on a credit as required by the statute. From the sheriff's return to the order of sale, we may fairly conclude that it was so made. At all events, if the statute in that particular was not pursued, we are constrained by high authority to say that the sale was not, for that reason, void. The decree was rendered, and of course the debt contracted, before the statute was enacted. *Bronson* v. *Kinzie et al.* 1 Howard, 311. Although we do not adopt all that is said in that case, yet the point being one of constitutional law, and being decided by the highest judicial tribunal in the nation, we are compelled to yield to it.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the appellant.

*Z. Baird*, for the appellees.