Upon the delivery of this opinion, a re-argument was applied for, on the part of Evans, and was granted; the re-argument was had at the present term, (January 1848.)
Mr. Justice Clayton
delivered the following opinion, on re-argument.
We have given to this case, since the re-argument, the consideration which its importance demands, but it has led to no change in the result. A few farther remarks may be deemed necessary.
In regard to the execution of Sims against Jordan, et al., under which the land was sold, objections are urged to it, because the return was erased and altered. We do not understand the facts as counsel do; — the return, if satisfied, which is erased, may well comport with the idea, that the satisfaction arose from the sale of the land in controversy, as set forth in the return as it now stands. The deed to the purchaser bears the date of the day of sale; the title it conveys cannot be affected by the return of the sheriff, made subsequent to the deed. Doe v. Heath, 7 Blackf. 156.
There is nothing in the record to show, that Banks does not *61 occupy the place of a purchaser. There is no evidence that satisfies us he was interested in the execution. When he bought, the attorney placed a credit on the execution for his bid, with the understanding that Banks was to pay the plaintiff, as they both lived in the same neighborhood, in Alabama. The plaintiff, who alone had right to complain of this arrangement, has never done so.
We do not think the execution in question was paid before the sale took place under it. The statement and calculations of counsel, have undergone re-examination, and, to our minds, there are manifest errors. For example, the execution of the Tombigbee Bank is thrown out, and the money applied to its payment by the sheriff, is in the statement transferred as a credit to the other executions, because it was younger in date than the judgment under which Evans sets up title. Sims is not responsible for a misapplication of the money by the sheriff, if there were such, when the money was not made under his execution. For any thing that appears, he knew nothing of it, and was in no manner privy to it. The sale under a younger judgment did not divest the lien of his judgment, even as to the property sold; far less could it have that effect as to that which was not levied on. Another example of error in the statement is, that one execution of Sims is omitted; one, too, upon which money had been paid, now claimed as a credit to this. When these corrections are made, it is certain that this judgment had not been paid before the sale.
In the case of the Planters Bank v. Spencer, 3 S. & M. 313, cited in argument, to show that the judgment is satisfied, even where there is a misapplication of money by the sheriff, all the executions out of which the controversy arose, had been levied on the property, arid the sale took place under all. The court held, the sheriff was bound to appropriate, according to the date of the respective judgments. But the case has no application to executions not actually levied. We do not give our assent id the doctrine insisted on, that when a sheriff has several executions in his hands, a levy of one is a levy of all. In reference to a ca. sa., that is no doubt the rule, and that was *62 the kind of execution in Collins v. Yemens, 37 E. Com. Law Rep. 175. But we cannot see the just application of such rule, to writs of fi. fa., although so held in New York, in Van Winkle v. Udall, 1 Hill, 560. When the body is under arrest, the practice is simply to charge the debtor in execution, not to make a second arrest. But when there are several writs of fi. fa. in the hands of the sheriff, he may levy some on personal and some on real estate; or he may levy part on personalty, and not levy, the others; and if sufficient money be not made, to satisfy all, the others may be afterwards levied on realty. The case cited, of Pickens v. Marlow, 2 S. & M. 434, relates to an actual levy of the execution. Nothing herein contained interferes with that case. It is there held, that a levy is only prima facie satisfaction, and does not destroy the judgment lien. The same is true of the cases of McGee v. Handley, 5 How. 625, and Kershaw v. Merchants Bank, 7 How. 386. The execution in this case was never in fact levied on personal property.
The rule is the same in reference to third persons, as between the parties themselves. Ford v. Geauga County, 7 Ohio Rep. 482.
He who comes into equity to get rid of a legal title, which is alleged to overshadow his own, must show clearly the validity of his own title, and the invalidity of his opponent’s. He cannot expect a court of equity to set aside a legal title, upon a doubtful state of case.
We cannot do more than reiterate our former decision, that the bill be dismissed, without prejudice to the legal rights of the complainant.
Decree reversed.