WATERMAN *against* HASKIN.

HALSTEAD *against* HASKIN.

*Where two judgments in favour of different plaintiffs, against the same defendant, are filed and docketed the same day, neither has the preference as a lien; but if one of the creditors first take out an execution and deliver it to the sheriff before the other creditor issues his execution, and the lands of the debtor are taken and sold, a priority will be gained by the vigilant creditor, and his execution must be first satisfied.*

JUDGMENTS in each of the above causes were recovered in *May* term, 1811. The rolls were filed in the office of the clerk of the court, in the city of *New-York*, and the judgments docketed on the 10th of *May*, 1811. In the docket of the judgments, the one in favour of *Waterman* was first entered, and one other judgment was entered between that and the judgment in favour of *Halstead*. Where several judgment rolls are filed on the same day, the clerk makes no note or memorandum which of them was first filed; and all the rolls filed on the same day, are afterwards indiscriminately entered and docketed by him. *Waterman*, on the same day that his judgment was docketed, issued a *fi. fa.* to the sheriff of *New-York*, which was levied on the personal property of *Haskin*, and part of the money due on the judgment was thereby paid. In the vacation after *May* term, *Halstead* issued a *test. fi. fa.* to the sheriff of *Westchester*, who, by virtue of that execution, and of two other executions, issued on judgments entered on a day subsequent to the above judgments, seized a farm of the defendant's and advertised it for sale, and a few days afterwards *Waterman* issued a *test. fi. fa.* to the same sheriff of *Westchester* for the residue of the money due on his judgment. There having been some mistake of the printer as to the first advertisement, the property was advertised for sale by the sheriff a second time, and was accordingly sold by virtue of the several executions, and the money retained in the hands of the sheriff. Neither of the advertisements of sale specified the executions, and no levy was made by the sheriff after the first.

The question submitted to the consideration of the court was, on which of the executions, on the above entitled judgments, the sheriff was first to apply the money levied by him on the sale of the property?

*Anthon*, for the plaintiff, *Waterman*, contended that his execution ought to be first satisfied, because his judgment was first

docketed, and because he had shown the greater vigilance, by first suing out a *fi. fa.* to the sheriff of *New-York* on the very day on which the judgment was docketed. In such cases the *vigilant* creditor is always preferred.*

NEWYORK,
August, 1814.

WATERMAN
v.
HASKIN.
* Adams v.
Dyer, 8 Johns.
Rep. 347.

*Slosson*, contra, (for *Halstead.*) Though both judgments are docketed on the same day, and that of *Waterman* stands first in the clerk's docket, yet it does not appear which of the judgment rolls was first delivered to the clerk. It is the *filing* of the roll that gives priority to judgments as to real property.† The mere *docketing* gives no priority of *lien.(a)* It is made the duty of the clerk to docket the judgments alphabetically during the term, or within six days thereafter. It is impossible to decide which of the judgment rolls was first filed, both being marked with the same day and year.

In Lord *Porchester's Case*, Tr. 23. *Geo. III.* B. R., cited in *Pugh* v. *Robinson*, (1 *Term Rep.* 116, 117.) where two judgments referred to the same day, the court would not say which had the precedence; they held that the priority of one over the other could not be averred, for it was matter of record, or a judicial proceeding. In regard to the delivery of process, a priority may be averred and shown. This court, in *Adams* v. *Dyer*, have gone no further than to say, the two parties, being in other respects equal, the one which takes the first step, or shows the most diligence, shall be preferred. Now, in regard to the property in question, *Halstead* first issued his *test. fi. fa.* to the sheriff of *Westchester*, and it was not until after the land of the defendant was seized and advertised for sale, that *Waterman's* execution was issued.

PLATT, J. delivered the opinion of the court. By the second section of the " act concerning judgments and executions,"

passed the 31st of *March*, 1801, a judgment *lien* attaches upon land from the *time of filing* the record of judgment.

By the third section of that act the clerk is directed to docket all judgments during the term, or within six days after the term of which such judgments are rendered; and no judgment, not docketed "as aforesaid," shall affect any lands or tenements as to purchasers," &c.

In this case, both judgments were filed on the same day, and were docketed on the same day that they were filed.

The priority of docketing, therefore, seems to be immaterial, as between these judgments; and the case admits it to be *altogether uncertain* which judgment roll was *first filed.*

We must consider the judgments equal as to the date of the *lien*, and as *Halstead* first sued out his execution, and the sheriff began to execute it before the *fi. fa.* issued on the judgment of *Waterman, Halstead* thereby turned the scale of equal right, and gained a priority by his vigilance.

The case of *Adams* v. *Dyer*, and *Conklin* v. *Dyer*, (8 *Johns. Rep.* 347.) accords with this opinion.

Let the money be applied on the execution in favour of *Halstead.*