The opinion of the Court was delivered by
Johnson, J.
The general rule, that the law will not allow fractions of a day, it is believed, will be found upon examination, to apply rather to legal proceedings, or to legal diligence, than to questions of right, unconnected with them. Thus, where two judgments or executions are of the same day, neither shall have the preference; Waterman v. Haskin, (11 John. 228;) Welsh v. Murray, (4 Dallas, 320, and Note 2;) because, in natural justice, neither party should be preferred, if equal diligence had been used on both sides; and the law will not impute it as negligence to Mm who is only the fraction of a day, perhaps a few hours or minutes, later than the other: and neither the judgment nor execution vests in the plaintiffs any right of property, in the lands or goods of the defendant. But it is certainly otherwise in relation to vested rights, acquired by operation of law, or by contract. To illustrate the question, it is only necessary to have recourse to a few cases of common occurrence, from which, I apprehend, it will follow that the rule is not applicable. Suppose, that one sell property, and convey it by deed to two, on the same day, as a horse, a slave or the like, which is in its nature indivisible, now I know of no process or course of legal proceeding, by which it can be converted into money, and divided between them. Recourse then must be had to the precise time at which the deeds were executed, to determine the right. Again, if two persons die on the ’¡‘same day, through whom a descent is cast, the precise time must be established, to ascertain whether the heirs of the one or the other shall take. Now in this case, on the execution of the^ mortgage, the property vested in the applicant, Stagg, and no subsequent act of Corr, the mortgagor, could divest him of it, except the payment of the sum secured by it. Nor is it pretended that he forfeited his lien by any act of his own ; and yet it is contended that the act of Corr, to wit, the confession of the judgment, acknowledged to be subsequent in point of time, although on the same day, is to have the effect of partially avoiding the security he had given, in violation of every principle of justice and of law. There exists also another reason, applicable to this particular case, which I think demonstrates the correctness of my conclusion. The mortgage gave to Stagg a lien,[1] as a security for his debt, on a specific property, and the judgment gave to Dickinson a general lien on all property bound by it; nay, he might have laid hold of his person to enforce the payment of it. If then he be permitted to seize upon the proceeds of the mortgaged pro *246 perty, he may wholly defeat the security of Stagg, although their debtor, Corr, might have p,n abundance to satisfy both. If this be the case, it is unreasonable, that Dickenson should have it in his power to do such injustice ; and if it be not, the principle is the same.
Grimke, for the motion ; Hunt, contra.
I am of opinion that the motion ought to be dismissed.
Colcock, Cheyes and Gantt, JJ., concurred.

 2 Hill Ch. 324.