## SHERRILL *vs.* CAMPBELL.

The service of *an order staying further proceedings* upon an execution, granted by a commissioner upon the allowance of a writ of error, does not operate as a *supersedeas* to discharge from custody a defendant who was *arrested* and *committed to jail* before the service of the order.

ERROR from the Washington common pleas. Campbell sued Sherrill as sheriff of the county of Washington, for the escape of one Abram Rowan an imprisoned debtor. The suit was brought in a justice's court, where judgment was rendered for the plaintiff. The defendant appealed, and on the trial in the Washington common pleas, it was shown that Rowan was arrested on a ca. sa. at the suit of the plaintiff on the *fifth* day of *August*, 1834, and committed to the jail of the county, and that on the following day he *escaped* and went at large. The defendant *offered to prove* that *after his arrest and commitment*, and on the evening of the same *fifth* day of *August*, Rowan sued out a writ of error to remove the judgment upon which the ca. sa. had been issued, from the common pleas of Washington to this court, put in bail to prosecute the same, and obtained an order from the commissioner, who allowed the writ *staying all proceedings upon the execution*, and also all further proceed-

ings upon the judgment until the further order of the court; that on the *sixth* day of *August*, notice of the issuing of the writ of error and the order of the commissioner, were duly served upon the attorneys of the plaintiff, and upon the sheriff; and that *after* the service of such notice, and not be- fore, Rowan, *escaped*, &c. The defendant also offered to prove that Rowan did not give bail for the liberties, all which evidence thus offered to be given, was objected to by the plaintiff, and excluded by the court. The defendant except- ed to such decision, and the jury under the charge of the court, found a verdict for the plaintiff. The defendant sued out a writ of error.

*J. Crary*, for the plaintiff in error, insisted, that from the time of the service of the order of the commissioner upon the sheriff, it would have been illegal for him to have im- prisoned Rowan. The very object of the statute in au- thorizing an *order to stay*, was to arrest proceedings upon the execution in whatever condition they might be; no one would deny that such an order would suspend proceedings upon a *fi. fa.* at any moment before the money made upon the sale of the defendant's property was paid over to the plaintiff; and yet it is contended on the other side, that it has not the same effect upon a *ca. sa.* If there be a difference between the two kinds of execution in reference to this stat- ute, the proceedings upon the *ca. sa.* should be arrested in preference to those upon a *fi. fa.* The latter is called a *fi- nal* execution, and is the end of the suit, but not so a *ca. sa.*; it is said to be *quousque*, as tending to an end, but not as be- ing final, 6 Reports, 87. A *ca. sa.* is not executed by the mere arrest of the defendant; it is merely *in course of execu- tion*, and so continues whilst the defendant remains impri- soned.

*B. Blair & C. L. Allen*, for the defendant in error, *ad- mitted* that if the *ca. sa.* had not been *fully executed*, the order to stay would have operated as a *supersedeas* under the provisions of the revised statutes, 2 R. S. 596, 7, § 29, 30; but they contended that the *arrest* of the defendant up-

Sherrill v. Campbell.

on the *ca. sa.* even without commitment, was a *full execution* of the process. Graham's Pr. 364. 1 Archbold's Pr. 304, and cases cited, and 8 Wendell, 545. The fact that the defendant had not given bail for the liberties, did not alter the case; the bail is for the indemnity of the sheriff, and if he chose to let the defendant go at large upon the limits without bail, he did so at his peril. 3 Johns. Cas. 73.

*By the Court,* NELSON, Ch. J. The sheriff having taken Rowan into custody on the *ca. sa.* before the service of the order to stay execution, the question is whether the subsequent service operated to discharge him from the commitment. A writ of error and putting in bail clearly would not have had that effect before the statute, Willes, 271, 280; and the decision therefore must depend upon the interpretation of the statute. It provides, 2 R. S. 569, § 30, if no execution shall have been issued, the service of the order shall stay the issuing thereof; if one shall have been issued, it shall stay the *further* execution thereof. The execution of the *ca. sa.* is by arresting the defendant and committing him to jail—indeed his arrest is, *per se*, a complete execution, as he is then, in the contemplation of the law, in its custody, Willes, 280, and the commitment to the jail is merely for the purpose of safe-keeping. An escape *before* is attended with all the consequences of one *after* commitment. 8 Wendell, 545.

The giving of bail for the limits is no part of the execution of the process; it is but the means of relaxation from the rigor of execution. 3 Johns. Cas. 73. Much less is the receipt of the debt; that is in the way of discharge from execution.

Judgment affirmed.