TILLOTSON *v.* DOE, on the Demise of GREGORY and Another.

A sale of real estate on execution cannot be objected to because it was made after the execution was returnable—the levy having been made before that time.

An execution-debtor gave up to the sheriff certain land to be sold. The sheriff, instead of selling that land, levied on other land belonging to the debtor and sold it on the execution. *Held*, that the purchaser's title was not affected by the sheriff's not having first sold the land surrendered by the debtor.

Irrelevant testimony is inadmissible.

APPEAL from the *Warren* Circuit Court.

SULLIVAN, J.—Ejectment to recover a tract of land purchased at sheriff's sale. Plea, not guilty. Verdict and judgment for the plaintiff.

The case comes before us on exceptions to the opinion of the Court in receiving certain testimony offered by the plaintiff, and rejecting testimony offered by the defendant.

The testimony offered by the plaintiff and objected to by the defendant, was a writ of *fi. fa.* issued from the *Warren* Circuit Court in favour of one *Cronkhite* against *Tillotson* and another, commanding the sheriff to levy the sum of ――, dated the 14th of *April*, 1840, and the return of the sheriff to the writ. The return was, that on the 20th of *May*, 1840, the sheriff had levied on a certain tract of land therein described, given in execution by *Tillotson*, and *Tillotson* refusing to give any other property in execution, the sheriff levied on another tract of land, (the same for the possession of which this suit was brought,) and after duly advertising, &c. sold and conveyed the latter tract to the lessors of the plaintiff. The execution was returnable on the 8th of *June*, and the sale was made on the 12th of that month.

The defendant objected to reading the execution and return; 1st, Because the sale was made after the return day

of the writ; and 2ndly, Because the tract of land given in execution by *Tillotson* was not first sold.

There is no foundation for the first objection. It has been repeatedly decided, that a sale on an execution after the return day is valid, provided the levy was made previously. *Prescott* v. *Wright*, 6 Mass. 20.—*Hartwell* v. *Root*, 19 Johns. 345.—*Heywood* v. *Hildreth*, 9 Mass. 375.

The second objection is equally unavailing. The statute (R. S. 1838, p. 277,) is directory to the sheriff. The purchasers' title is not affected by the failure of the sheriff to sell the land surrendered in execution, any more than if he had sold without giving notice. *Frakes* v. *Brown*, 2 Blackf. 295. Besides, there may have been proof adduced upon the trial, to show that *Tillotson* was not the *bona fide* owner of the property directed by him to be sold; if so, the sheriff's return, on that point, was unobjectionable.

The defendant then offered the following testimony, viz. a judgment of the same Court in favour of *E. Rodgers* (one of the lessors of the plaintiff,) and another against the said *Tillotson*, and a *fi. fa.* issued thereon returned levied on the same land and sold to *B. F. Gregory* and *Elisha Rodgers*. He furthermore offered to prove, that *B. F. Gregory* was the attorney of *Rodgers* in procuring the last-named judgment. The plaintiff objected to the testimony and the objection was sustained by the Court.

The testimony offered was irrelevant and therefore inadmissible. The object of the defendant was, as he informs us, to show that there were irregularities in the judgment and execution last-mentioned, of which *Rodgers* as the plaintiff in that suit, and *Gregory* as his attorney, were bound to take notice. But if this were so, and the judgment and execution last-mentioned were entirely void, how could that affect the title of the purchasers acquired under the first-mentioned sale? That title was acquired by a purchase at a sheriff's sale, under a regular execution issued upon a judgment of a Court of competent jurisdiction. The title was in all respects complete, and it could not, certainly, be divested or impaired by showing that they held another title to the same land, on the validity of which they did not rely themselves.

May Term,
1841.

The Court, therefore, did not err in receiving the testimony offered by the plaintiff, nor in rejecting that offered by the defendant.

The record shows that certain instructions were given by the Court to the jury. The appellant contends they were erroneous. The record does not state at whose request they were given, nor that exceptions were taken to them at the trial. The instructions, moreover, were substantially correct.

*Per Curiam.*—The judgment is affirmed with costs.
*W. M. Jenners* and *R. A. Chandler*, for the appellant.
*R. C. Gregory*, for the appellee.