Campbell agt. Clark.

G. R. J. BOWDOIN, *defendant's counsel.*
WM. W. CAMPBELL, *defendant's attorney.*
A. TABER, *plaintiff's counsel.*
F. H. B. BRYAN, *plaintiff's attorney.*

---

JOHN A. CAMPBELL, plaintiff in error, agt. EDWARD M. CLARK and ROBERT C. CLARK, defendants in error.

The service of *an order staying further proceedings* upon an execution, granted by a commissioner upon the allowance of a writ of error, does not operate as a *supersedeas* to discharge from custody a defendant who was *arrested* before the service of the order. (21 *Wend.* 287.)

After the service of such order on the sheriff only, and he suffers the defendant to escape, the plaintiff is at liberty to issue a new execution. (4 *Cow.* 553; 6 *id.* 465.)

A writ of error and order to stay does not stay the issuing of a second or alias execution in such a case, unless the order to stay has been *served on the attorney* who issued the execution. (2 *R. S.* 599, § 30.)

*September Term,* 1846.

MOTION by plaintiff in error to set aside an alias *ca. sa.,* issued against him.

Campbell agt. Clark.

The action in this cause was trespass. The attorneys for defendants in error entered up judgment against the plaintiff in error, June 12, 1846, and on the 15th of June, 1846, issued a *ca. sa.* against plaintiff in error, to the sheriff of Niagara county, on which the plaintiff in error was arrested the same day; after the arrest, and on the same day, a writ of error to this court, from the court of errors in this cause, tested the 9th day of June, 1846, with an endorsement of allowance thereon, as follows: " I allow the within writ of error, and a proper bond, as required by law, having been executed and exhibited to me, I hereby order that the issuing [*258] *of an execution on the judgment, in said writ mentioned, be stayed, if none has been issued ; and if an execution has been issued thereon, that all proceedings thereon be stayed until the judgment of the court shall be rendered on this writ of error. June 15, 1846. (Signed) L. H. Nicholls, Supreme Court Commissioner, Niagara county," was exhibited to the sheriff; and the attorney for plaintiff in error requested the sheriff to show it to the attorneys for defendants in error, and get their consent to have Campbell (plaintiff in error) discharged. After the sheriff had shown the writ, &c., to the attorneys for defendants in error, they declined to consent to the discharge of Campbell. The attorney for Campbell then served a notice on the sheriff of the bringing of the writ of error, order, &c., and the sheriff immediately thereafter, on the same day, discharged Campbell from arrest, and made his return on the *ca. sa.* that he had so discharged him, and filed the *ca. sa.* and return in the clerk's office. On the 22d of June, the attorneys for defendants in error, hearing no more from the writ of error, and not having been served with any notice of the issuing of the writ, nor of bail in error or order staying execution, and the writ not having been filed with the clerk, issued an *alias ca. sa.*, on which Campbell was the same day arrested by the sheriff. After the last arrest, Campbell's attorney served on the attorneys for defendants in error a *notice* that a writ of error had been allowed, and that a supreme court commissioner had granted an order staying execution.

That was all the proceedings had on the writ of error. It did not appear that the writ had ever been served upon or filed with the clerk of this court, nor had any notice of bail in error been served, nor had the order staying execution been in any manner served.

The attorney for plaintiff in error insisted that the sheriff, on being served with the order to stay proceedings, &c., could proceed no further with the first *ca. sa.* Nor could another execution afterwards issue. (2 *R. S.* 494, 5, § 29, 30.) That notice on the sheriff was sufficient. (3 *Hill*, 473, 4.)

> C. STEVENS, *plaintiff's counsel.*
> G. D. LA MONT, *plaintiff's attorney.*
> M. T. REYNOLDS, *defendants' counsel.*
> WOODS & BOWEN, *defendants' attorneys.*

BRONSON, Chief Justice. The writ of error and order to stay proceedings did not supersede the *capias ad satisfaciendum* on which the plaintiff had been previously arrested. (21 *Wend.* 287.) And the sheriff having suffered the plaintiff to escape, the defendants were at liberty to issue a new execution, as they did on the 22d of June. (4 *Cow.* 553; 6 *id.* 465.) The writ of error and order to stay did not stay the issuing *of the second or *alias ca. sa.,* because the [*259] order had not been *served* on the defendants' attorneys. It has not been so served to this day. (2 *R. S.* 597, § 30.) The sheriff did not detain the plaintiff on the jail limits under the first *ca. sa.;* but discharged him out of custody, and the writ was returned. The proceedings of the defendants seem to have been regular in all respects. *Motion denied, with $7 costs of opposing.*