Blackford, J.
— “ The first question presented is, was the judgment of the plaintiffs entitled to priority as to the date of the lien ? By the statute, judgments are liens on the debtor’s real estate from the time of their rendition. R. S. p. 454. In the present case the debtor did not acquire the land sold by the defendant until after the rendition of both the judgments. Mr. Preston says, “ with respect to lands, it must be remembered that unless the debtor be the owner at the time when the lien would attach, in case there wqre an ownership, the lien will attach from the time only at which the ownership shall be acquired.” 3 Prest, on Abs. 350. It has been held that when a judgment is rendered against an heir ift the life time of his ancestor, and the land afterwards descends to the debtor, the judgment co instant ¿ when the land descends, becomes a lien on the land.
“ In the case before us, neither of the judgments was a lien on the land at the time of its rendition. They each became liens at the same instant, namely, when the land was acquired. They stand, therefore, like two judgments rendered at the same time; and neither has a priority of lien over the other.
“ The next question is, whether the circumstance that Starr & Smith's execution was issued and levied on the land, before the is] suing of the plaintiff’s execution makes any difference. This point is settled by authority. In Abrams v. Dyer, 8 Johns. 347, there were two judgments, one in favor of A, and the other in favor of B, against *102 the same defendant. The date of the liens of the judgments was the same. A took out the first execution, and under it the debtors land was advertised for sale. After such advertisement and before the sale, an execution was issued on B’s judgment. The land was afterwards sold on A’s execution. It was held that A was entitled to the preference. In Waterman v. Hoskin, 11 Johns. 228, it was held in the case of two judgments of the same date, that the credit- or whose execution was first issued and levied would have the preference, though the sale was made under both executions. In Burney v. Boyett, 1 How. Miss. R. 39, the decision is similar to that of Waterman v. Hoskin.
“ In the present case, Starr & Smith's execution, being the first issued and levied, gives them the priority as the most vigilant creditors. Taylor’s bankruptcy, which occurred after the judgments were rendered and after he had acquired the land, does not affect the case.”
Judgment reversed and cause remanded, with instructions to the Circuit Court to render judgment for the defendant.