Nov. Term,
1848.

Michaels v. Boyd and Others.

MICHAELS
v.
BOYD.

When the judgment-debtor is not the owner of land at the time of the rendition of several judgments, but afterwards acquires it, each judgment becomes a lien at the same instant that the land is acquired, as if they had all been rendered at the same time; and, in such case, the execution first issued and levied has preference.

APPEAL from the *Tippecanoe* Circuit Court.

*Saturday,
December* 23.

BLACKFORD, J.—Assumpsit for money had and received. *Boyd* and others were the plaintiffs, and *Michaels*, sheriff of *Tippecanoe* county, was the defendant.

Plea, the general issue. The cause was submitted to the Court. The facts, as agreed on by the parties, were, substantially, as follow:

On the 19th of *August*, 1839, the plaintiffs, *Boyd* and others, obtained a judgment in the *Tippecanoe* Circuit Court against one *Samuel Taylor* for 2,583 dollars and 5 cents and costs.

On the next day, in the same Court, *Starr* and *Smith* recovered judgment against said *Taylor* for 1,112 dollars and 35 cents and costs.

On the 25th of *August*, 1845, an execution issued on the judgment in favor of *Starr* and *Smith*, which execution, on the same day, came to the hands of the defendant as sheriff, and was, by him, on the 28th of the same month of *August*, levied on certain land of said *Taylor's*. After said levy, namely, on the 4th of *September*, 1845, an execution was issued on the judgment in favor of the plaintiffs, *Boyd* and others, which last-named execution, on the day on which it issued, came to the hands of the defendant as sheriff, and was, on the same day, levied on said land.

By virtue of which executions and levies (the same and the sales under them being regular,) the defendant, as sheriff, did, on the 3d of *January*, 1846, sell the said land for 375 dollars.

The defendant, as sheriff, received said sum of 375 dollars before the demand hereinafter mentioned was made on him by the plaintiffs.

*Taylor*, at the time of said levies and sale, was a certified bankrupt. His title to said land was obtained by him after the rendition of said judgments and before his bankruptcy.

There was due for costs on the execution in favor of the plaintiffs the sum of 26 dollars and 39 cents.

The plaintiffs did, before the commencement of this suit, demand of the defendant the amount of said bid, less said costs. *Starr* and *Smith* also demanded said money on their execution. The defendant refused to pay said money, or any part thereof, to the plaintiffs.

Upon these facts, the Court gave judgment for the plaintiffs for 348 dollars and 61 cents, with costs.

The first question presented is, was the judgment of the plaintiffs entitled to priority as to the date of the lien?

By the statute, judgments are liens on the debtor's real estate from the time of their rendition. R. S. 1843, p. 454.

In the present case, the debtor did not acquire the land sold by the defendant until after the rendition of both the judgments. Mr. *Preston* says: "With respect to lands, it must be remembered that, unless the debtor be the owner at the time when the lien would attach, in case there were an ownership, the lien will attach from the time only at which the ownership shall be *acquired*." 3 Preston on Abstracts, 350.

It has been held, that where a judgment is rendered against an heir in the lifetime of his ancestor, and the land afterwards descends to the debtor, the judgment, *eo instanti* when the land descends, becomes a lien on the land.

In the case before us, neither of the judgments was a lien on the land at the time of its rendition. They each became liens at the same instant, namely, when the land was acquired. They stand, therefore, like two judgments rendered at the same time; and neither has a priority of lien over the other.

The next question is, whether the circumstance that

*Starr* and *Smith's* execution was issued and levied on the land before the issuing of the plaintiffs' execution, makes any difference?

This point is settled by authority. In *Adams* v. *Dyer*, 8 Johns. 347, there were two judgments, one in favor of *A.*, and the other in favor of *B.*, against the same defendant. The date of the liens of the judgments was the same. *A.* took out the first execution, and, under it, the debtor's land was advertised for sale.

After such advertisement, and before the sale, an execution was issued on *B.'s* judgment. The land was afterwards sold on *A.'s* execution. It was held that *A.* was entitled to the preference. In *Waterman* v. *Haskin*, 11 Johns. 228, it was held, in the case of two such judgments of the same date, that the creditor whose execution was first issued and levied would have the preference, though the sale was made under both executions. In *Burney* v. *Boyett*, 1 Howard, Miss., 39, the decision is similar to that of *Waterman* v. *Haskin* (1).

In the present case, *Starr* and *Smith's* execution being the first issued and levied, gives them the priority as the most vigilant creditors.

*Taylor's* bankruptcy, which occurred after the judgments were rendered, and after he had acquired the land, does not affect the case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to render judgment for the defendant.

*A. Ingram* and *R. Jones*, for the appellant.

*R. C. Gregory* and *G. S. Orth*, for the appellees.

(1) In a contest between two judgment-creditors, whose judgments are of the same day, the one who first procures a levy and sale, or who first sues out an execution and begins to execute, gains a priority, because, by the levy, the property is charged, the sheriff becomes liable, and the levy is a satisfaction to the extent of the value of the property levied on.—*Burney* v. *Boyett*, 1 How. 39.