Nov. Term, 1861.

EWING
v.
HATFIELD.

The judgment is affirmed, with costs.

*B. F. Claypool* and *E. Vance*, for the appellant.

*Reid* and *Walker*, for the appellee.

———————•—●○●—•———————

### EWING *v.* HATFIELD and Another.

The title of a cause is only matter of form, and not of substance.

No formal levy of a certified copy of a judgment of sale in a foreclosure suit is necessary, because the judgment itself designates the particular property to be sold.

An offer to sell would be a commencement of the execution of the judgment, and where execution has been commenced before, it may be completed after, the return day.

The issuing of a subsequent void writ, while the original valid one is still in the hands of the officer, would not vitiate action under the original.

APPEAL from the *Perry* Circuit Court.

*Per Curiam.—Comstock* and others had a mortgage upon property of *Ewing.* A foreclosure was had upon this mortgage, and judgment for the sale of the specific property. At the proper time, a certified copy of the judgment issued to the sheriff.

Saturday, *December* 14.

There was a clerical error in the title of the foreclosure suit; but the title is but matter of form   Perk. Prac. 165.

No formal levy of a certified copy of a judgment of sale in a foreclosure suit is necessary, because the judgment itself designates the particular property to be sold, and no other could be levied on under the copy of the judgment, at least till that designated had been sold, nor without a provision in the judgment authorizing it.

An offer to sell would be a commencement of the execution of the judgment; and where execution has been commenced before, it may be completed after, the return day, (*Tillotson* v. *Doe*, 5 Blackf. 590,); and the officer who had commenced the execution might, at common law, complete

Nov. Term,
1861.

it, even after going out of office, (3 B. Monroe, 304,) and after the death of the defendant.   7 Blackf. 154; *id.* 549.

The issuing of a subsequent void writ, while the original valid one was still in the hands of the officer, would not vitiate action under the original.

On questions of fact, turning upon the evidence, this Court rarely disturbs the judgment below.

As to the necessity of moving to set aside executions and sales for irregularities, see *Doe* v. *Dutton*, 2 Ind. 309.

The judgment is affirmed, with costs.

*Chas. H. Mason*, for the appellant.

*Ballard Smith*, for the appellees.