Allen *v.* Shannon.

No. 7683.

ALLEN *v.* SHANNON.

REAL ESTATE, ACTION TO RECOVER.—*Complaint before Justice.—Sheriff's Sale.*—In a complaint before a justice of the peace to recover possession of real estate, an averment, that the property sued for was sold to plaintiff in pursuance of a judgment of foreclosure, will be held to mean that it was sold by the sheriff as provided by section 635, 2 R. S. 1876, p. 263, and is sufficiently certain, after verdict.

SAME.—*Description of Premises.*—A description of premises in a deed as "a part of lot 235 in the city of Vincennes, according to Emmison and Johnson's survey, commencing fifty-five feet from the corner of said lot, on Sixth and Main streets, and fronting on Main street fifty-five feet, and running back the same width the full depth of said lot, one hundred and seventy-six feet," is not so vague as to render the conveyance void. A reference to the plat and survey may make it perfectly clear and definite.

SAME. —*Evidence. —Collateral Proceeding. —Decree of Foreclosure. —Default.*—In a collateral proceeding, the recital in a decree of foreclosure rendered upon the default of the mortgagors (the summons and return not being on file), that the defendants were duly summoned more than ten days before the first day of the term, is affirmative evidence that the court had acquired jurisdiction of the persons of the defendants.

SAME.—*Variance.—Sheriff's Return.*—Where a sheriff makes return that a writ issued to him upon a decree of foreclosure was satisfied by the sale, it must be deemed to have been so satisfied by a sale of the proper lot, notwithstanding there may be some discrepancy between the particular descriptions in the decree and return.

Allen v. Shannon.

:SAME.—*Defective Return.*—A defective return of an execution or order of sale will not vitiate the title of a purchaser whose deed contains the same description as the decree, which was sufficient.

.SAME.—*Landlord and Tenant.*—Under section 10, 2 R. S. 1876, p. 341, a successor to the title of a mortgagor by foreclosure, sale and sheriff's deed, is entitled to the same remedy as the latter to obtain possession of lands on the termination of the tenancy of a lessee.

From the Knox Circuit Court.

*O. F. Baker*, for appellant.

*G. G. Reily*, *W. C. Johnson* and *W. C. Niblack*, for appellee.

NEWCOMB, C.—The appellee sued the appellant before a justice of the peace, to recover possession of certain real estate in the city of Vincennes, which, it was alleged, the appellant had held as tenant of the appellee, but which tenancy had been terminated by notice to quit. On the filing by the defendant of a sworn answer that the title to the real estate was involved in the action, the cause was certified to the circuit court.

Trial by the court, which found for the plaintiff, and, over the defendant's motion for a new trial, rendered judgment of ouster and for sixty dollars damages.

The errors assigned are:

1. That the complaint does not set forth facts sufficient to constitute a cause of action.

2. That the circuit court erred in overruling appellant's motion for a new trial.

The complaint, to which no objection was made in the court below, states that the defendant became the tenant of Cyrus M. Allen, July 1st, 1874; that said lessor mortgaged the premises to the plaintiff; that said mortgage was foreclosed in the Knox Circuit Court; that said property, in pursuance to said judgment of foreclosure, was sold to the plaintiff, May 29th, 1875, and on July 5th, 1876, the sheriff of Knox county executed to plaintiff a deed therefor. It is

further averred that written notice to quit was given by the plaintiff to the defendant three months prior to July 1st, 1878.

The objections urged to the complaint are, that it does not aver that the premises in controversy were sold by the sheriff to the plaintiff, nor that the sheriff was authorized to sell them; that the description of the property is too indefinite and uncertain.

We think the averment as to the source of the plaintiff's title was sufficiently certain for a complaint before a justice of the peace, at least after verdict. The allegation, that the real estate was sold in pursuance of a judgment of foreclosure rendered in the Knox Circuit Court, must be held to mean that it was sold by the sheriff, as the statute provides that sales of real estate on such judgments shall be made by that officer. 2 R. S. 1876, p. 263, sec. 635.

The description of the premises in controversy, as given in the complaint, is as follows: "A part of lot 235 in the city of Vincennes, according to Emmison and Johnson's survey, commencing fifty-five feet from the corner of said lot on Sixth and Main streets, and fronting on Main street fifty-five feet, and running back the same width the full depth of said lot, one hundred and seventy-six feet." We can not, as a matter of law, say that this description is so vague as to render a conveyance by such description void. "A deed is not to be held void for uncertainty, if, by any reasonable construction, it can be made available." 3 Washburn Real Property, p. 401; German Mutual Ins. Co. v. Grim, 32 Ind. 249. A reference to the plat and to Emmison and Johnson's survey may make the description perfectly clear and definite.

On the trial the plaintiff offered and the court admitted in evidence, over the objections of the defendant, a certified copy of the foreclosure proceedings and judgment in the case of the plaintiff against Cyrus M. Allen and wife; also the certified copy of the decree and order of sale issued to

Allen v. Shannon.

the sheriff, with his return thereon; and the deed of the sheriff to the plaintiff.

The only objection made to the introduction of the foreclosure judgment was, that the summons and the sheriff's return thereto were not in the record, the clerk certifying that they were not on file. The judgment was by default, and it is urged that it does not appear that the court acquired jurisdiction of the persons of the mortgagors. There is nothing in this objection. In the absence of evidence to the contrary, jurisdiction of courts of superior jurisdiction is presumed, where the judgment comes collaterally in question. *Kinnaman* v. *Kinnaman*, 71 Ind. 417, and cases there cited. But in the case in hand it is not necessary to resort to this presumption, for the record recites that the defendants were duly summoned more than ten days before the first day of the term. This, in a collateral proceeding, is affirmative evidence that the court had acquired jurisdiction of the persons of the defendants.

In the foreclosure judgment and the sheriff's deed, the premises are described as in the plaintiff's complaint, with this addition, after giving the frontage and depth of the part of the lot conveyed, "and including the brick house thereon situate."

The sheriff's return is particularly objected to, on the alleged ground that it shows that he sold a different piece of ground from the one described in the decree he was commanded to execute. In his return, the sheriff stated that he first offered the rents and profits for a term not exceeding seven years, giving the same description as that contained in the decree. Having received no bid therefor, the sheriff certifies: "I then and there, in like manner, offered at public auction the fee simple of part of lot two hundred and thirty-five in the city of Vincennes, according to the survey and plat of said city by Emmison and Johnson, and commencing fifty-five feet from the corner of said lot on Sixth

and Main streets, and running back the same width the full depth of said lot, one hundred and seventy-six feet, and in- cluding the brick house thereon situate." Then, after re- citing the sale of the fee simple to the plaintiff, the receipt of the purchase-money, and the execution of a certificate of purchase, the sheriff adds: "and I return this writ fully sat- isfied." Taking the return as a whole, we think it suffi- ciently appears that the sheriff sold the property he was directed by the decree to sell. He had no authority to offer or sell any other until that described in the decree should be exhausted. *Ewing* v. *Hatfield,* 17 Ind. 513. He men- tions the brick house on the premises as it is mentioned in the decree and deed, and certifies that by the sale and the receipt of the purchase-money the writ was satisfied. It could be satisfied only by the voluntary payment of the judgment, or by a sale of the specific property described in the decree of foreclosure; and when the sheriff made return that the writ was satisfied by the sale, it must be deemed to have been so satisfied by a sale of the proper lot, notwith- standing there may be some discrepancy between the partic- ular descriptions in the decree and in the return, especially as the return, in other respects, clearly refers to the same part of the lot described in the decree.

The deed, as we have stated, contained the same descrip- tion as the decree. That being sufficient, a defective return does not vitiate the title of the purchaser. He can not, in such case, be prejudiced by a defective return or the want of a return to the execution or order of sale. *Doe* v. *Heath,* 7 Blackf. 154; *The State, ex rel.,* v. *Salyers,* 19 Ind. 432.

The last objection to be noticed is, that it was not proven that the defendant was in possession of the premises at the commencement of the action. In this the appellant is mis- taken. The evidence on that point was amply sufficient. The plaintiff, as successor to the title of Cyrus M. Allen, Sr., was entitled to the same remedy as the latter to obtain

possession on a termination of the tenancy of the lessee. 2 R. S. 1876, p. 341, sec. 10.

We find no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.