No. 10,108.

## LOWRY v. REED.

EXECUTION.—*Lien.*—Where judgment liens on land accrue at the same time, the execution first issued and levied gives priority.

SAME.—*Sheriff's Sale After Return Day.*—If an execution be levied on land before the return day, a sale afterwards will be valid.

From the Cass Circuit Court.

*M. Winfield* and *Q. A. Myers,* for appellant.

*S. T. McConnell, R. Magee* and *D. B. McConnell,* for appellee.

BICKNELL, C. C.—The appellant obtained a judgment against George Adams, on February 13th, 1878. The appellee obtained a judgment against the same defendant on February 20th, 1878. Executions on these judgments came to the hands of the sheriff on the same day. Edward L. Adams became replevin bail on each of the judgments on the same day. George Adams had no property subject to execution, and Edward L. Adams had none except the land in controversy. Afterwards, on December 6th, 1878, the appellee had an execution issued on his judgment against the principal and the replevin bail, which execution was levied on the land in controversy on June 4th, 1879. Under this execution the land was sold to the appellee on June 27th, 1879, and he obtained the sheriff's deed therefor on August 4th, 1880, and is in possession.

The appellant had execution issued on his judgment against the principal and replevin bail on July 22d, 1879, and under that execution he bought the land at sheriff's sale, on August 15th, 1879, and a year afterwards obtained the sheriff's deed therefor.

The appellant claims that the sale to the appellee was void and gave no title, because it was made after the return day of the writ. This is the only question in the case. The property having been levied upon on the return day of the writ, the levy was in time. *Maud* v. *Barnard,* 2 Burr. 812.

There can be no valid sale after the return of the writ. *Clerk* v. *Withers*, 6 Mod. 290; *Wilbraham* v. *Snow*, 2 Saund. 47. But where an execution has been commenced before it may be completed after the return day. *Ewing* v. *Hatfield*, 17 Ind. 513. It has been repeatedly decided that a sale on execution after the return day is valid, if the levy was in time. *Tillotson* v. *Doe*, 5 Blackf. 590, and cases there cited.

The property being unsold, the writ might have been returned and another execution issued forthwith, reciting the return of the former execution and the levy and failure to sell, and directing the sheriff to satisfy the judgment out of the property remaining unsold. 2 R. S. 1876, p. 212, section 454. But this statute has been held to be merely directory. *Zug* v. *Laughlin*, 23 Ind. 170, 174. Non-compliance with it did not make the sale after the return day void.

Where the sheriff holds executions issued on judgments of different dates against the same defendant, each judgment becomes a lien upon the real estate of the defendant at the date of its rendition, and if the sheriff levies any one, even the youngest of such executions, upon the real estate and sells it, he must apply the proceeds of the sale in payment of the judgments in the order of their seniority. *State, ex rel.,* v. *Sayers*, 19 Ind. 432. But where judgments against the same person are of even date, or where they become liens on real estate at the same time, as where the judgment debtor acquires the property after the rendition of the judgments, then the creditor whose execution is first issued and levied will have the preference. *Adams* v. *Dyer*, 8 Johns. 347 (5 Am. Dec. 344); *Waterman* v. *Haskin*, 11 Johns. 228; *Michaels* v. *Boyd*, 1 Ind. 259.

In the case at bar the judgments against the replevin bail became liens on his property on the same day; neither had any priority over the other. "Every recognizance of bail * * * shall have the effect of a judgment confessed, from the date thereof, against the person and property of the bail." 2 R. S. 1876, p. 203, section 427.

The appellee, by his superior diligence in issuing and levying his execution, secured the preference. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.