Rose *et al. v.* Ingram.

No. 11,239.

ROSE ET AL. *v.* INGRAM.

EXECUTION.—*Seal.—Amendment.—Sheriff's Sale.*—A writ of execution without a seal is not void, and may be amended; nor can a sale under it be attacked collaterally.

SAME.—*Sale after Return-Day.*—Where a sale on execution has been advertised during the life of the writ, it is not void because made five days after the return-day.

From the Clark Circuit Court.

*A. Dowling* and *J. K. Marsh,* for appellants.

*J. G. Howard, J. F. Read* and *M. Z. Stannard,* for appellee.

FRANKLIN; C.—Appellee sued appellants to amend an execution by attaching the seal to it, and to quiet his title to certain real estate purchased thereunder.

A demurrer was overruled to the complaint; there was a trial by the court, finding for the plaintiff, and, over a motion for a new trial, judgment was rendered on the finding.

The errors assigned are the overruling of the demurrer to the complaint, and overruling motion for a new trial.

The first objection made to the complaint is that it shows that the execution, without a seal, was void, and not amendable, and in support thereof we are referred to the case of *Ins. Co.* v. *Hallock,* 6 Wall. 556, wherein it was held that a copy of an order of foreclosure, without a seal, under the statute of Indiana, was void, and conferred no authority upon the sheriff to sell.

There was no question as to amendment in that case, and, indeed, if the instrument was absolutely void, there need have been no question as to amendment, for a void instrument is not amendable. Considerable confusion has crept into the books, and even in some of our own reports, over the use of the words " void " and " voidable." But upon this question, in this State, we think the current of authority is in favor of holding that the execution was voidable, and not void.

Rose *et al. v.* Ingram.

In the case of *Doe* v. *Rue*, 4 Blackf. 263, it was held that an execution was amendable after service.

In the case of *Hunter* v. *Burnsville Turnpike Co.*, 56 Ind. 213, it was held that an execution without a seal was voidable, not void, and might be amended after a sale under it. In the opinion the following language is used: "There are cases which hold, that writs without a seal are not void, but voidable only, and that they may be amended, after they have been served, by attaching the seal. We incline to follow that line of decisions which holds, that process, without the proper seal, is voidable only, and therefore amendable, as being more in consonance with the general spirit of the law, which regards substance more than form. Much hardship and injury might accrue to purchasers of property on execution, or their vendees, if the sale happened to be made on an execution to which the seal, by inadvertence of the clerk, had not been affixed, if the defect could not be amended by affixing the seal. So, too, a sheriff who arrests a party on criminal process, perfect in all respects except the seal, would be liable to an action of trespass, unless the defect could be amended." See the authorities therein cited.

In the case of *Doe* v. *Dutton*, 2 Ind. 309, it was held that an execution merely voidable may be set aside on motion of the defendant, but, if not so set aside, all acts done under it are valid, and this language was approvingly quoted, and the same doctrine reaffirmed, in the case of *Sowle* v. *Champion*, 16 Ind. 165. The case of *Sidener* v. *Columbus, etc., Turnpike Co.*, 56 Ind. 598, was decided in the same way and upon the authority of *Hunter* v. *Burnsville Turnpike Co., supra.*

In the case of *Jones* v. *Carnahan*, 63 Ind. 229, on p. 234, it is said that " the premature issuing of an execution is an irregularity merely. The execution is erroneous, but, like an erroneous judgment, it must be respected, and may be enforced, until it is vacated in some manner prescribed by law. No one but the defendant can complain of it; and even he can not do so in any collateral proceeding."

In the case of *Reily* v. *Burton,* 71 Ind. 118, the decision in the case of *Hunter* v. *Burnsville Turnpike Co., supra,* is again approved.

In the case of *Boyd* v. *Fitch,* 71 Ind. 306, it was held that the omission of the seal of a court from a summons, which has been served and returned, does not render a judgment based thereon void, though it may be voidable, and in which case the decision in the case of *Hunter* v. *Burnsville Turnpike Co., supra,* is again approved; and it is further approved in the cases of *Chamberlain* v. *City of Evansville,* 77 Ind. 542, *Walker* v. *Shelbyville, etc., T. P. Co.,* 80 Ind. 452, and *State* v. *Davis,* 73 Ind. 359.

The foregoing cases fully establish the doctrine in this State that an execution without a seal, issued upon a regular judgment, is only voidable, and not void, and if not directly attacked in some proceeding to set it aside, acts done under it are valid against a collateral attack, the defect being amendable whenever presented. The statute giving a party two years to obtain relief from an inadvertence, omission or mistake, does not apply to this class of cases.

It is further objected that the complaint shows that the sale was made after the return day of the execution, for which reason the sale was void, and plaintiff's title could not be quieted.

The execution was levied and the property advertised for sale within the lifetime of the execution, and the fact that it was sold five days after the return day of the execution did not invalidate the sale. *Tillotson* v. *Doe,* 5 Blackf. 590; *Ewing* v. *Hatfield,* 17 Ind. 513; *Lowry* v. *Reed,* 89 Ind. 442. These objections to the complaint, we think, are not well taken. There was no error in overruling the demurrer to the complaint.

The only reasons stated for a new trial were, that the finding of the court was contrary to law, and not supported by sufficient evidence.

We have examined the evidence, and think it clearly tends

to sustain the finding of the court, and that the finding was not contrary to law. We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Nov. 15, 1884.